## WATSON CO. v. AMERICAN EXCHANGE NAT. BANK OF DALLAS. (No. 7572.)

(Court of Civil Appeals of Texas. San Antonio. May 12, 1926. Rehearing Denied May 26, 1926.)

1. **Estoppel** ⊂⊃78(2)—**Contractor's letter to bank, reciting that contractor would make check for subcontractor's estimate payable to subcontractor and bank jointly, held to constitute guaranty of bank's loan to subcontractor and contractor was estopped to deny liability thereon.**

Where corporate contractor's letter to bank, reciting that contractor would make check in payment of subcontractor's estimate due on subsequent date payable to subcontractor and bank jointly, and that check would probably be of specified sum, was intended to, and did, induce bank to make loan to subcontractor, *held*, that contractor thereby guaranteed payment of loan, and was estopped to deny liability thereon, notwithstanding subcontractor's default in contract with contractor of which bank had no notice.

2. **Guaranty** ⊂⊃82(2) — **Insolvent maker of note and maker who left state, and whose residence was unknown, held not necessary parties in payee's action against guarantor.**

Where bank loaned money to subcontractor on note signed by him and W., and secured by principal contractor's guaranty, *held*, that subcontractor, who had left state, and whose residence was unknown, and W., who was insolvent, were not necessary parties to payee bank's action against contractor.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by the American Exchange National Bank of Dallas against the Watson Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Holloway & Holloway, of Dallas, for appellant.

Coke & Coke, Rosser J. Coke, and Thos. G. Murname, all of Dallas, for appellee.

SMITH, J. [1] The Watson Company, a corporation, was under contract to construct the Y. W. C. A. home in the city of Dallas, and a part of the work was being done by C. B. Russell, as a subcontractor under the Watson Company, who was obligated to pay Russell as the work progressed. At the end of September, 1921, Russell was in arrears with his workmen, and sought to borrow $700 from the American Exchange National Bank of Dallas with which to pay the past-due wages of his workmen. The bank declined to make an unsecured loan to Russell, who was a stranger to the bank's officials. Russell explained his situation to the vice president of the Watson Company, told him of his negotiations with the bank, and upon his sugges-

tion the Watson official gave him this letter for presentation to the bank:

"Dallas, Tex., Sept. 30, 1921.

"American Exchange National Bank, City— Gentlemen: In compliance with request of C. B. Russell, beg to advise you that check in payment of his estimate of the Y. W. C. A. home this city, which will be due October 15th, will be made payable to Mr. Russell and yourselves jointly. This check will probably be about $2,500.

"Yours very truly,

"[Signed] John L. Babcock, Vice President."

Upon the strength of this letter, the bank made the loan to Russell; the loan being evidenced by a promissory note executed by Russell and one M. C. Watson. The makers defaulted in the payment of the note, and the bank brought suit against the Watson Company and M. C. Watson, but subsequently dismissed as to the latter, upon the grounds that he was actually insolvent, that his residence was unknown, and service could not be had upon him. Russell was not made a party defendant, upon the ground that he had removed from the state and was residing in the republic of Mexico. Upon a trial the court directed a verdict for the bank against the Watson Company, and from the resulting adverse judgment that company has appealed.

We affirm the judgment upon the ground that by its letter of September 30, 1921, appellant induced the bank to make the loan to Russell in the belief, justified by appellant's conduct, that appellant intended to, and did thereby, guarantee the payment of the obligation. Appellant knew the bank would not make the loan without security, and supplied the bank with the promise embraced in the letter of September 30th, with the knowledge that the bank would make the loan in reliance upon that promise, as it did, and that it would not make the loan without appellant's guaranty. In this state of facts appellant is estopped to deny the binding effect of the guaranty.

Appellant sought to defend the suit upon the ground that Russell defaulted in his obligations to appellant under a private contract between them. But the bank had no knowledge of this contract or its terms, and was not required by the circumstances to participate in a settlement thereunder between Russell and appellant. It loaned Russell the amount here involved solely upon the terms and import of appellant's guaranty to it, and its rights thereunder could not be impaired by the private agreement between appellant and Russell, of which it had no notice.

[2] The cause of action sued on was not barred under either the two-year or four-year statute of limitations, and under the circumstances of the case M. C. Watson and Russell were not necessary parties defendant.

The judgment is affirmed.